### BABBITT *v*. BROWN *et al*.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

INJUNCTION—RESTRAINING USE OF LABELS.

On a motion to continue a preliminary injunction against the use by defendants of a printed wrapper resembling that used by plaintiff in packing and selling soap manufactured by her, it appeared that there was a direct resemblance in the color of the wrappers, and in the general form and size of type and style of letters of the prominent words printed on them, and impressed on the cakes of soap, one of which was contained in each wrapper; but it was not shown, by the complaint or the affidavits, that the wrappers were so used as to display these words, or to present them to the immediate observation of purchasers. *Held,* that the injunction could not be sustained. BRADY, J., dissenting.

Appeal from special term, New York county.

Action by Rebecca Babbitt against David S. Brown and Delaplaine Brown and George Punchard and George H. C. Punchard. Plaintiff appeals from an order denying a motion to continue a temporary injunction.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Daniel G. Rollins,* for appellant. *Rowland Cox,* for respondent.

DANIELS, J. The action is brought to restrain the use of a printed wrapper so far as it resembles that used by the plaintiff in packing and selling soap manufactured by her, as successor of Benjamin T. Babbitt, deceased, and from impressing the cakes of soap with the prominent words printed upon the wrappers. The deceased testator, and husband of the plaintiff, had for many years been engaged in the business of manufacturing and selling soap. The business under his management had become very extensive and profitable, and has so continued under the control of the plaintiff. In or about the year 1881 the defendants David S. and Delaplaine Brown commenced the manufacture of soap for the defendants George and George H. C. Punchard, which was stamped in a similar manner to the soap manufactured by the testator and by the plaintiff. Each cake of soap manufactured by the defendants Brown was enveloped in a wrapper similar in color to the wrapper which had been all along used in the Babbitt business, except that it was of a lighter shade. Prominent upon the wrapper used in the Babbitt business were the words, in large type and three lines, of: "B. T. Babbitt's (Trade-Mark) Best

Soap;" and equally as prominent upon the wrapper used by the defendants were the words, in three lines and about the same sized type: "B. J. Butler's (Trade-Mark) Best Soap." The residue of the wrappers contain printed statements, and directions for the use of the soaps. Those on the plaintiff's wrapper are much more extended than those printed on the wrapper used by the defendants. These differences are so great that, aside from the color of the wrappers, there is no reason for believing that purchasers of the defendants' soap would be thereby induced to suppose that they were purchasing the soap manufactured by the plaintiff. The more immediately striking parts of the wrappers consist in their color, and the three lines already mentioned. The words are placed upon each wrapper in the same general form, and in the size of the type and the style of the letters there is a direct resemblance between those used by the defendants and those on the plaintiff's wrapper. But, while each cake of the soap is contained in one of these wrappers, it has not been stated or shown, by the complaint or the affidavits, that the wrapper is so used as to display these words, or to present them to the immediate observation of purchasers. The same words stamped into the cakes of soap cannot be a source of deception, for they are concealed from the immediate view of the purchaser by the wrapper completely enveloping the soap. If the purchasers were deceived at all, and the plaintiff was thereby injured in her business, it could only be by the words upon, and the coloring of, the wrappers; and, to obtain an injunction restraining the defendants from using the wrapper during the pendency of the action, it was for the plaintiff to maintain that such deception would naturally result from these appearances; and that could be done only by showing, if that were the fact, that the wrapper was so used by the defendants, in wrapping and selling the soap, as to bring these words to the immediate view and observation of the buyers of the defendants' soap. It may be conjectured that this was the fact, but conjectural evidence will not maintain a preliminary injunction; but the facts upon which it is made to rest must be proved to a reasonable degree of certainty, and that has not been done in this instance. A person prominently engaged in the plaintiff's business when it was carried on by the testator was informed of the sale of this soap in the year 1886; and he himself was informed in 1888 that Henry Punchard & Son were dealing in it; but they agreed to discontinue that business, after receiving a remonstrance from a person acting under the authority of the testator. Whether he in fact at any time had other information of the manufacture and sale of the defendants' soap, or acquiesced in that sale or manufacture, it is unnecessary now to consider; for the plaintiff has failed to prove that the defendants' soap was so wrapped and presented for sale as to probably deceive persons intending to purchase the plaintiff's soap into the belief that they were obtaining it when they bought that manufactured and sold by the defendants. Because of this defect the injunction was not sustained; and the order from which the appeal has been brought should be affirmed, with $10 costs and the disbursements on the appeal.

VAN BRUNT, P. J., concurs.

BRADY, J., (*dissenting.*) I think the intention to derive benefit from the plaintiff's manufacture, and to deceive, sufficiently appears both from the color of the wrapper and general mode of preparation shown.